UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA ANNEXY aka MARY ANNEXY and
ANNEXY GROUP, LLC,

    Plaintiffs,
v.                    Case No. 8:18-cv-418-T-33JSS

CITY OF TARPON SPRINGS,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant Defendant the City of Tarpon Springs' Notice of Removal (Doc. # 1), which was filed on February 20, 2018. For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and accordingly remands the action to state court pursuant to 28 U.S.C. § 1447(c).

**I.   Background Discussion**

Plaintiffs Maria Annexy and the Annexy Group, LLC allege that they made a written request to inspect the City of Tarpon Springs' records on January 24, 2018. (Doc. # 2 at ¶ 4). According to Plaintiffs, their attorney was denied access to the records. (Id. at ¶ 6). Days later, "a letter came and a request from the City attorney asking for a very large sum of money to have access to those public records." (Id. at ¶ 7). Specifically, Plaintiffs indicate that the City advised it

would cost "between $86,000 and $230,000 (approximately), just to review the records requested." (Id. at ¶ 8).

Plaintiffs maintain that the City is violating Chapter 119 of the Sunshine law and notes that the City has brought three separate actions against Plaintiffs for zoning violations. Plaintiffs suggest that they need access to the requested records to defend in the zoning lawsuits. The Plaintiffs postulate "the request for monetary payment of such an exorbitant sum of money may shock the conscience of this court as if it was a type of lawful records review blackmail." (Id. at ¶ 15).

In Count I of the Amended Complaint, Plaintiffs seek "damages and a Writ of Mandamus, pursuant to Florida Statute § 119.01 et seq., for violations of the Government in the Sunshine laws." (Id. at ¶ 1). In Count II, Plaintiffs seek declaratory relief pursuant to Florida Statute § 86.01 -- specifically a declaration that "the actions of the Defendant are unlawful and violate plaintiffs' fundamental due process rights." (Id. at ¶ 25). Florida Statute § 162.07(3) concerns hearings of enforcement boards and states, inter alia that "Formal rules of evidence shall not apply, but fundamental due process shall be observed and shall govern the proceedings."

On February 20, 2018, the City removed the case on the basis of federal question jurisdiction claiming: "The Amended Complaint requests a declaration of a violation of constitutional due process rights and a writ of mandamus for alleged violation of the Florida Public Records Act." (Doc. # 1 at 1).

II. **Legal Standard**

At this juncture, the Court sua sponte addresses the issue of jurisdiction. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Furthermore, in the context of cases removed to federal court, 28 U.S.C. § 1447(c) states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The Amended Complaint consists entirely of state law causes of action asserted under Florida law by Florida resident Plaintiffs against the City of Tarpons Springs, Florida. Despite the City's characterization of these claims, the Court determines that they are not federal claims and there is no reference to federal law in the Amended Complaint. The reference to "due process" is to Florida Statute §

162.07(3). Neither the requirements for diversity jurisdiction nor the requirements of federal question jurisdiction are satisfied. The Court sua sponte remands the case to state court. see Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)(explaining that purely state law claims are best resolved by the state court).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of February, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE